

FILED

2017 JUN 21 AM 10: 23

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DARNELL NASH | ) | CASE NO.: 1:17CV01035 |
|  | ) | (1:13CR467) |
| Defendant-Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Plaintiff-Respondent. | ) |  |

This matter is before the Court upon a Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant, Darnell Nash, (hereafter Defendant). (ECF #131). The United States of America, by and through counsel, filed a Response to the § 2255 Petition on June 13, 2017. (ECF #133). For the reasons more fully set forth herein, this Court DENIES Defendant's Motion to Vacate. (ECF #131).

## FACTUAL AND PROCEDURAL HISTORY

On October 22, 2013, the defendant-appellant, Darnell Nash, was charged in a 33-count, four defendant indictment, with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349, 1343, and 1341 (Count 1), wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 2

1

through 11), mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 12 through 13), aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and money laundering, in violation of 18 U.S.C. §§ 1957 and 2. (R. 1:Indictment, PageID 5-23). On August 11, 2014, Defendant pleaded guilty to the indictment without a plea agreement. (R. 127: Guilty Plea Tr., PageID 768-800).

On December 17, 2014, the Court sentenced Defendant to a 151-month concurrent term of imprisonment on Counts 1 and 2 through 31. The Court sentenced Defendant to a 2-year consecutive term of imprisonment on Counts 32 and a 10-year concurrent term of imprisonment on Count 33, followed by a five-year term of supervised release and a $3,300 special assessment. (R. 126: Sentencing Tr., PageID 764; R. 114: Judgment, PageID 696). When imposing sentence, the Court held that the four-level multiple victim enhancement, under § 2B1.1(b)(2)(B), and the two-level vulnerable victim enhancement, under § 3A1.1(b)(1), applied. (R. 126: Sentencing Tr., PageID 738). The Court also ordered restitution in the amount of $361,341. (R. 114: Judgment, PageID 699). Defendant appealed the Court's sentence. (R. 116: Notice of Appeal, PageID 702-03).

In her appeal, Defendant raised three assignments of error challenging: the vulnerable victim enhancement, the enhancement for 50 or more victims, and the District Court's failure to adequately consider Defendant's background and mental health issues in arriving at an appropriate sentence. (Sixth Circuit Case No. 15-3003: R. 23: Appellant's Brief). On May 17, 2016, the Sixth Circuit Court of Appeals rejected all of Defendant's assignments of error and affirmed the District Court's determination of the offense level as well as Defendant's ultimate sentence. *United States v. Nash*, 648 F. App'x 589 (6th Cir. 2016).

On or about May 16, 2017, Defendant filed the present Motion to Vacate under 28 U.S.C.

2

§ 2255. (ECF #131). Defendant claims that (1) her trial counsel was ineffective for not presenting evidence about her gender dysphoria; and (2) challenging her placement with the Bureau of Prisons and the conditions of her confinement. On June 13, 2017, the Government filed a Motion to Dismiss Petitioner's § 2255 motion. (ECF #133).

## ANALYSIS

Defendant's second claim is more properly presented in a Motion under 28 U.S.C. § 2241. She asserts that she is a vulnerable victim, has been denied medical care, was placed in improper housing, and that she has faced abuse since her incarceration. This is more properly understood as "an attack upon the execution of the sentence" cognizable in Section 2241. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). Section 2241 provides the basis for challenging "the manner of execution of the sentence" while Section 2255 "is designed to permit a prisoner to attack alleged impropriety in the sentence imposed." *Cohen*, 593 F.2d at 770. Venue for a § 2241 action lies in the district "wherein such person is in custody." *See*, Title 28 U.S.C., §2241 (d). Defendant is presently incarcerated in FCI Schuykill, in Minersville, Pennsylvania, located in the Middle District of Pennsylvania.

While much of Defendant's overall claim reflects assertions more properly cognizable in Section 2241, she also asserts that her motion to vacate be granted on grounds of ineffective counsel, citing counsel's failure to effectively articulate arguments based on Defendant's gender dysphoria.

Petitioner cannot demonstrate ineffective assistance of counsel unless she establishes both that her attorney's performance was deficient AND that it prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a deficient performance, a defendant "must show that

3

counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. This performance inquiry must consider the prevailing circumstances at the time of the trial and Defendant has not shown her representation fell below the "objective standard of reasonableness" called for. *Id.* at 688. Her primary claim that counsel failed to adequately raise arguments regarding her transgender status and her gender dysphoria was specifically rejected by the Sixth Circuit, which found this Court allowed both Defendant and her lawyer to argue at length on those subjects. *United States v. Nash*, 648 F. App'x 589 (6th Cir. 2016). Defendant also offers no showing of precisely how she was prejudiced. Her claims of ineffective counsel are therefore without merit and hereby DISMISSED.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Defendant is entitled to no

relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 131) is DISMISSED. Furthermore, because the record conclusively shows that Defendant is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 21, 2017