PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13-CR-00467-1 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DARNELL NASH, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 336, 337] |

The Court considers two motions from Defendant Darnell Nash:[1] a Motion Disqualify the District Judge (ECF No. 336) and a Motion for Bond Pending Appeal (ECF No. 337). On review, the Motion to Disqualify and Motion for Bond Pending Appeal are denied on the merits. In the alternative, they are either (1) denied for lack of jurisdiction under Fed. R. Crim. P. 37(a)(2) because Defendant has a pending appeal with the United States Court of Appeals for the Sixth Circuit challenging her amended criminal judgment, and/or (2) denied as moot by the Sixth Circuit Court of Appeals. *See* ECF Nos. 333, 339, 340; *United States v. Nash*, No. 25-3702, at *1–2 (6th Cir. filed Oct. 3, 2025) ("We may issue a writ of mandamus to compel the district court to adjudicate a pending matter. Because the district court has since denied Nash's

---

[1] Defendant, born a biological male, began experiencing gender dysphoria when she was 13 and was in sex change proceedings when indicted. *See* ECF No. 105 at PageID #: 607. She has not yet had a penectomy and vaginoplasty, so the Bureau of Prisons houses her in male detention facilities. *See* Executive Order No. 14168, Sec.§ 4(a), 90 Fed. Reg. 8615, 8616–8617 (Jan. 30, 2025). She identifies as female and refers to herself as "Ms. Nash," and thus the Court refers to Defendant as "she" and "her" throughout this Order.

(1:13-CR-00467-1)

motions for compassionate release, however, her petition is moot to the extent she seeks a ruling on these or any associated motions, including her motion to recuse.").

## I. BACKGROUND

In 2013, the United States accused Defendant Darnell Nash and three others of devising and executing a criminal scheme through which—with Defendant as the ringleader—they defrauded state unemployment offices nationwide and collected $361,341.00 in unwarranted benefits using stolen identities. *See* ECF No. 1 at PageID #: 12. She was indicted in the Northern District of Ohio on one count of conspiracy to commit mail fraud and wire fraud (18 U.S.C. § 1349,) ten counts of wire fraud (18 U.S.C. § 1843,) twenty counts of mail fraud (18 U.S.C. § 1341,) one count of aggravated identify theft (18 U.S.C. 1028A(a)(1)–(2),) and one count of money laundering (18 U.S.C. § 1957). *See* ECF No. 1. In 2014, she entered a plea agreement with the United States, pled guilty to all counts, and was sentenced to 175 months in federal incarceration. *See* ECF Nos. 81, 112, 114. Unsuccessful on appeal, Defendant remained incarcerated. *See* ECF No. 116; *United States v. Nash,* No. 15-3003 (6th Cir. May 17, 2016).

Over the following decade, Defendant filed dozens of motions *pro se* seeking, *inter alia*, vacatur of her sentence under 28 U.S.C. § 2255, appointment of counsel, relief from judgment, an evidentiary hearing, reopening of sentencing, compassionate release, sentence reduction, reconsideration, disqualification of the District Judge, judicial notice, expedited rulings, clarification, a writ of *mandamus*, and bond. *See* ECF Nos. 131 *et seq.* Throughout, she alleges being consistently raped and assaulted by inmates and Bureau of Prisons officials during her incarceration as a transgender woman in all-male penitentiaries in Indiana, Arizona, and Florida. The majority of her motions were denied. *See United States v. Nash*, No. 1:13-CR-00467-1

2

(1:13-CR-00467-1) (N.D. Ohio filed Oct. 22, 2013). It appears that she remains incarcerated at United States Penitentiary Coleman in Sumter County, Florida and is scheduled for release on July 31, 2027.[2]

In 2024, this case was reassigned to the Court on remand. *See United States v. Nash*, No. 23-3921 (6th Cir. Aug. 16, 2024) (concluding that "reassignment of this case is appropriate . . . to avoid comprising the appearance of justice") (citation omitted). Defendant thereafter moved for compassionate release under the First Step Act of 2018, 18 U.S.C. §§ 3631 *et seq*. *See* ECF No. 309. The Court denied the motion, but modified Defendant's criminal sentence twofold. First, it recommended that the Bureau of Prisons allow Defendant the maximum term of halfway house placement on release. Second, it modified her three-year term of supervised release to include a six to nine month stay at a residential reentry center to help Defendant obtain and maintain employment and stable housing upon leaving federal detention. *See* ECF Nos. 332, 333. Defendant appealed the amended criminal judgment to the Sixth Circuit and simultaneously filed the instant Motion to Disqualify and Motion for Bond Pending Appeal. *See* ECF Nos. 336, 337.

## II. DISCUSSION

**A. Motion to Disqualify**

District Judges must disqualify themselves from any proceeding in which their impartiality—typically *via* bias or prejudice—might reasonably be questioned. *See* 28 U.S.C. § 455(a); *Liteky v. United States,* 510 U.S. 540, 547–48 (1994). The lack of impartiality must be personal or extrajudicial, rather than jurisprudential.[3] *See United States v. Jamieson*, 427 F.3d

---

[2] *See* Register Number 31505–001.
[3] 28 U.S.C. § 144 and 28 U.S.C. § 455 "must be construed *in pari materia*" and "disqualification under § 455(a) must be predicated as previously under § 144, upon

3

(1:13-CR-00467-1)

394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). Extrajudicial partiality "aris[e] out of the judge's background and association and not from the judge's view of the law." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Personal partiality must emanate "from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003) (citing *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251–52 (6th Cir. 1989)). Disqualification or recusal is also required by statute when a District Judge has personal bias or knowledge of disputed facts; previously worked on the matter or had former law partners involved; participated in the case while in government service; holds a personal or familial financial interest in the outcome; or has any personal, familial, or professional interest that could be affected by the proceeding. See 28 U.S.C. § 455(b)(1)–(5). Presiding judges need not, however, recuse based on the subjective views of a litigant. *Burley v. Gagacki,* 834 F.3d 606, 615–16 (6th Cir. 2016). When "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice . . . such judge shall proceed no further therein[.]" 28 U.S.C. § 144. That affidavit must set forth facts allowing a reasonable person to believe "that [the] judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.,* 915 F.2d 1038, 1043 (6th Cir. 1990).

      Defendant contends that the District Judge must recuse herself from this case because the Court has allegedly enabled, excused, or minimized sexual violence and rendered decisions that exposed Defendant to rape, rather than protecting her from it. Specifically, she contends that:

> (1) "Judge Pearson exercised her discretion in favor of [a]llowing Nash to be subject to rape and dipropionate punishment."

---

extrajudicial conduct rather than on judicial conduct." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983)).

4

(1:13-CR-00467-1)

>(2) "Judge Pearson condoned rapes against Ms. Nash . . . and reimposed a sentence requiring Nash to be raped."
>
>(3) "The [C]ourt's efforts in this regard should constitute improper victim blaming and functionally an attempt to exculpate the [Bureau of Prisons] for its own wrongdoing."
>
>(4) "[Judge Pearson] cited the executive order [modifying BOP transgender policy] in order to rationalize her decision to continue to allow Nash to be subject to rape."
>
>(5) "Judge Pearson . . . downplay[ed] and trivialize[ed] the impact of rape and the impact on Nash's ability to complete reentry programs."
>
>(6) "Ms. Nash deserves accountability and protection from those that enable sexual abuse — including Judge Pearson."

ECF No. 336 at PageID #: 2448–49, ¶¶ 1–5.

Defendant's motion is without merit. Construed generously, it implicates two potential grounds for recusal: questionable impartiality or personal bias. Yet she offers no coherent argument or supporting evidence of personal or extrajudicial bias actionable at law or equity, rather than sentimentality. See Wheeler, 875 F.2d at 1252. She grounds her motion on the spurious allegation that the Court not only abides sexual violence but condones it. See ECF No. 336 at PageID #: 2449. The record, verifiable and unflinching, shows the opposite.[4] Defendant offers no facts "which a reasonable person would believe would indicate [the] judge has a personal bias against [her]." Gen. Aviation, 915 F.2d at 1043. Without evidence of particularized bias or impartiality, recusal is unwarranted. See Wheeler, 875 F.2d at 1252.

---

[4] The amended criminal judgment recognized the significance of Defendant's allegations but found that early release would undermine the seriousness of Defendant's crimes, put the public at unnecessary risk, and fail to deter future criminal acts. See ECF No. 332 at PageID #: 2424.

5

(1:13-CR-00467-1)

Plaintiff's Motion for Disqualification is denied as meritless. In the alternative, it is denied for lack of jurisdiction under Fed. R. Crim. P. 37(a)(2) because Defendant has a pending appeal. *See supra* p.1.

**B. Motion for Bond Pending Appeal**

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against releasing a criminal defendant pending appeal. See *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). To be released pending appeal, a defendant must establish by clear and convincing evidence that (1) they are not likely to flee or pose a danger to the safety of another person or the community; and (2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term imprisonment. *See* 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *Vance*, 851 F.2d at 167 (noting that the defendant bears the burden of overcoming the statutory presumption of detention). A defendant is required to make both showings to overcome the presumption against release. See *Chilingirian*, 280 F.3d at 709 (finding denial of release proper when defendant failed to make one of the two required showings); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985) (finding district court properly relied on only one ground in denying release pending appeal).

Even when construed to its broadest permissible limits, Defendant's Motion fails—by clear and convicting evidence or otherwise—to establish that she poses no flight risk or danger or that her appeal is not for delay and raises a substantial legal or factual question. Rather, it reiterates, without sufficient supporting law, grievances outlined in her Motion to Disqualify and promises, without sufficient supporting facts, that if released, she "will live with her sister or

6

(1:13-CR-00467-1)

comply with the [C]ourt's order to report to a halfway house."[5]  ECF No. 337 at PageID #: 2452. Defendant has failed to overcome the presumption against release pending appeal, and thus her Motion is denied.

Of equal importance, when called to answer the question of whether Defendant should be released, the Court ruled that she should transition into a residential reentry center during both the end of her term of incarceration and the beginning of her term of supervised release.  No law, facts, or circumstances have changed that conclusion.  *See* ECF No. 332.

### III.  IN THE ALTERNATIVE

On October 3, 2025, the Sixth Circuit ruled "We may issue a writ of mandamus to compel the district court to adjudicate a pending matter.  Because the district court has since denied Nash's motions for compassionate release, however, her petition is moot to the extent she seeks a ruling on these or any associated motions, including her motion to recuse."  *See United States v. Nash*, No. 25-3702, at *1–2 (6th Cir. filed Oct. 3, 2025).  In that same ruling, the Sixth Circuit wrote:

> After the district court denied Nash's motion for compassionate release, Nash filed in this action a request for *bond pending appeal* and an expedited appeal. We construe these requests as supplements to her mandamus petition, since she filed them in this action. But, once again, she has adequate alternative remedies. She may move the district court for bond pending appeal, and if the district court denies relief, she may renew her motion before us. And she may move to expedite her appeal in this court from that denial in that appeal.

---

[5] "We promise according to our hopes, we perform according to our fears." François de La Rochefoucauld, *Reflections; or Sentences and Moral Maxims* 38 (J.W. Willis Bund trans., 1871).

7

(1:13-CR-00467-1)

Nash, No. 25-3702, at *2. Therefore, the Motions to Disqualify and for Bond Pending Appeal are, in the alternative, denied as moot.

### IV. CONCLUSION

Defendant's Motion to Disqualify the District Judge (ECF No. 336) is denied on the merits. In the alternative, it is denied for lack of jurisdiction under Fed. R. Crim. P. 37(a)(2) because Defendant has a pending appeal with the United States Court of Appeals for the Sixth Circuit challenging her amended criminal judgment or it is denied as moot.

Defendant's Motion for Bond Pending Appeal (ECF No. 337) is denied on the merits. In the alternative, the motion is denied for lack of jurisdiction under Fed. R. Crim. P. 37(a)(2) because Defendant has a pending appeal with the United States Court of Appeals for the Sixth Circuit challenging her amended criminal judgment or it is denied as moot.

IT IS SO ORDERED

| February 6, 2026 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |