PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13-CR-00467-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| DARNELL NASH, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 344] |

The Court considers Defendant Darnell Nash's tenth Motion for Compassionate Release. *See* ECF No. 344. Despite Defendant's pending direct appeal of the amended judgment, *see* *United States v. Nash*, No. 25-3702 (6th Cir. filed Sept. 3, 2025), the Court has jurisdiction to under Fed. R. Crim. P. 37(a)(2).

The Government opposes the Motion and urges denial because: (1) Defendant failed to exhaust administrative remedies under 18 U.S.C. § 3582(c)(1)(A) and separately failed to exhaust the Bureau of Prison's Administrative Remedy Program for her time-credit claim, which belongs in a 28 U.S.C. § 2241 petition, not a compassionate release motion; (2) Defendant's USP Coleman claims are moot because she is now incarcerated at FCI Butner; (3) the record in *Aguilar Contreras v. Trump*, No. 5:25-CV-00396 (M.D. Fla. Filed June 20, 2025) contradicts Defendant's retaliation theory because time-credit denial predates her February 2026 testimony; (4) Defendant's February 2026 sexual-assault/retaliation allegations are unsubstantiated or disproven by Bureau of Prison records, video, and investigative findings; and (5) the 18 U.S.C. § 3553(a) factors weigh against release given the scope of Defendant's underlying fraud scheme. ECF No. 350 at PageID #: 2673.

Before a criminal defendant can file a motion for compassionate release in a district court, she must first exhaust administrative remedies by presenting the request to the institution's warden and either (a) fully appealing any denial through the Bureau of Prisons or (b) waiting

until thirty days after the warden's receipt of the request without a response. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant has not satisfied these requirements with respect to the February and March 2026 assaults she alleges. ECF No. 344 at PageID ##: 2563–67. Failure to exhaust administrative remedies requires dismissal without prejudice. *See* *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Exhibits C, E, and F show that Defendant sent Trust Fund Limited Inmate Computer System ("TRULINCS") messages to USP Coleman's associate warden and Prison Rape Elimination Act ("PREA") compliance manager on April 13 and 14, 2026, just two weeks before she filed the instant motion. ECF Nos. 344-3, 344–5, 344–6. Those messages are not formal administrative requests under the BOP's Administrative Remedy Program. Rather, they are inmate correspondence making legal arguments regarding PREA retaliation and First Step Act ("FSA") credits, arguments the Court considered and rejected. ECF Nos. 284, 290, 332, 343.

Defendant provides no evidence that she submitted a formal compassionate release request on September 24, 2025 to the warden regarding the new alleged assaults or that thirty days elapsed without a response. The correspondence contained in Exhibits E and F predates the alleged incidents entirely and relates to prior complaints. ECF Nos. 344-5, 344-6. The single warden response in the record—dated November 7, 2025 (ECF No. 344-6 at PageID #: 2620)—addresses Defendant's September 2025 PREA complaints, not the new alleged assaults. The Court cannot presume that the warden did not respond when Petitioner provides no evidence of the request having ever been made. As a result, the Motion for Compassionate Release is denied without prejudice for failure to exhaust procedural remedies. *See* ECF No. 344.

IT IS SO ORDERED.

| | |
|---|---|
| September 4, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

(1:13-CR-00467-1)